THE TOWN OF JEFFERSON *et al.*

*v.*

THE PEOPLE *ex rel.* John D. Campbell.

1. TOWNSHIP SYSTEM—*law governing on change of town or forming new one.* The act of March 4, 1874, revising the township laws and amending the same in respect to creating new towns, and prohibiting the creation of any new town of less territory than seventeen square miles, repealed the old law on the subject, and the board of supervisors thereafter were bound to act in conformity with the new law, even though the petition for the formation of a new town had been filed before the passage of the amendatory act.

2. Same—*as to territorial extent of new towns—and what are new towns.* Under the township law prohibiting the creation of a new town by the county board, of less territory than seventeen square miles, where a town is divided, each part of the two towns resulting from the division must contain the requisite territory. In such case, both the towns become new ones formed from the old one.

Appeal from the Circuit Court of Ogle county; the Hon. William W. Heaton, Judge, presiding.

Messrs. Barge & Dixon, for the appellants.

Mr. J. M. Bailey, and Mr. J. I. Neff, for the appellee.

Mr. Chief Justice Scholfield delivered the opinion of the Court:

The question presented by this record arises on demurrer to a plea to a petition for a writ of *quo warranto,* to try the right of certain persons to act as town officers of a so-called town of Jefferson, in the county of Ogle.

The plea sets forth certain proceedings before the board of supervisors of Ogle county, and an order of that body relied on as legally establishing the town. The court sustained the demurrer to the plea, and judgment thereon was given against the respondents, who bring the case here by appeal.

A petition was presented to the board of supervisors, on the 9th of September, 1873, praying for the creation of a new town, to be called the town of Jefferson, out of a portion of the territory of the town of Flagg. Notice was given, etc., but no action was taken on the petition until the 13th of July, 1874, when the board of supervisors ordered the creation of a new town, in accordance with the prayer of the petition. The town thus ordered to be created will contain seventeen, or more, square miles, but the town of Flagg, from which the territory for that purpose is to be taken, will then contain less than seventeen square miles.

The General Assembly, by an act approved March 4, 1874, and in force from and after its passage, revised the Township

law, and amended it, in respect to the size of the townships thereafter to be created, as follows (Rev. Stat. 1874, p. 1069):

"Art. 3. § 1. The county board of each county shall have full and complete power and jurisdiction to alter the boundaries of towns, to change town lines, and to divide, enlarge and to create new towns in their respective counties, to suit the convenience of the inhabitants residing therein; but no new town shall be created, under the provisions of this act, of less territory than seventeen square miles. * * *

"§ 2. When a town is divided into two or more towns, a new election shall be ordered in each of the new towns by the county board, and the time and place of holding the election shall be fixed, and judges of election appointed, and notice given, in the same manner as required upon the first organization of towns: *Provided,* that when parts of several towns are taken to make a new town, it shall not be necessary to order an election in the town from which territory is taken, but if any of the officers thereof shall continue to reside in the new, his office shall be declared vacated, and filled as in other cases of vacancy."

Two questions arise upon this amendment: 1st. Does it affect cases where petition was presented to the board of supervisors before it was adopted, but no final action was taken thereon until after it was adopted? 2d. Where a town is divided, and two towns are made from the territory, must both towns have seventeen square miles?

It is argued by appellant, that the first question must be answered in the negative, because the statute expressly excepts from the effects of the repeal of statutes, suits pending or rights existing at the time. We can not yield our assent to this conclusion. There was, certainly, no suit pending, within any definition of that term with which we are familiar, before the board of supervisors. Nothing had been granted in response to the prayer of the petition, and since the board had, to some extent, a discretion in acting on the petition, it follows, of necessity, there could have been no vested legal right to have

them grant its prayer in accordance with the provisions of the old law. The adoption of the amendment, and the repeal of the old law, obliterated the old law as completely as if it had never been enacted, and the board of supervisors, when they acted, were bound to act in conformity with the amendment. *Illinois and Michigan Canal* v. *Chicago,* 14 Ill. 334; *County of Menard* v. *Kincaid et al.* 71 id. 587.

Upon the other question, it is only necessary to determine what is the creation of a new town, in the sense in which those words are used in the amendment before us.

We think it is, for the present, sufficiently accurate to say, a new town is created when that is made a town which did not before constitute one. In this view, when a town is divided, and that which before was one town becomes two towns, both towns are new. As opposed to this, it is argued, among other things, the section contemplates that a town may be divided into two or more towns, and yet it is impossible each should have seventeen square miles. This is a misapprehension. Townships may, in three instances, provided for by § 6, art. 1, chap. entitled Township Organization, (Rev. Stat. 1874, p. 1067,) be different and larger in size than congressional townships: 1st. Fractional townships may be attached to adjoining towns where the number of the inhabitants, or the quantity of the territory thereof, shall not be sufficient for a separate town. 2d. Where a township shall have too few inhabitants for a separate organization, then such township may be added to some adjoining town, or divided between two or more towns for the time being. 3d. When a creek or river so divides a township that it is inconvenient for transacting town business, then such creek or river may be made the town boundary, and the fraction so formed may be disposed of as other fractional townships.

It is but reasonable to assume, the legislature meant towns thus enlarged, when providing for the making of more than two towns from the territory of one.

The language employed is not free of ambiguity, we concede,

and to sustain our view, it is necessary to hold that the words "new town" are not always used in the act in the same sense. But a different conclusion seems to lead to absurdity, and is, moreover, repugnant to clear implication from other language used in the same connection.

· Where the territory of a town is divided, and two towns formed therefrom,—possessing, we will say, equal population, equal territory, and each having, as near as may be, an equal number of the old town officers,—why shall one be said to be old and the other new? If one is old and the other new, what makes them so? Is it because one retains the old name and the other adopts a different one? The position, if it were urged, that a mere name can make that new which would otherwise be old, or that old which would otherwise be new, would be unworthy of a serious answer. Or could the fact that citizens residing in the one took the initiative, whilst those residing in the other opposed or remained quiescent, determine that the one was the old and the other the new town? It could hardly be seriously urged that this could make any difference, since it is the order of the board of supervisors dividing the towns, from which the birth of the new town dates, and it is impossible that the one could claim priority over the other, in this respect.

But what possible necessity could there be that one and not the other should contain seventeen square miles? Preponderance of population and wealth, and experience in managing township matters, is no more likely to be on one side of the dividing line than the other.

And again, why put a limitation of seventeen square miles, unless it can have some permanency? If this limitation only applies to one town, when a town is divided into two, the new town of this month may, next month, by another division, become an old town, and be reduced indefinitely below seventeen square miles.

Our construction is perfectly consistent with § 2, which provides, when a town is divided an election shall be held in

each of the new towns; and the proviso to that section, that when parts of several towns are taken to make a new town, it shall not be necessary to order an election in the towns from which the territory is taken, shows, as clearly as by implication can be shown, that it is necessary to order an election in each town when they are formed by the division of a single town.

We think the demurrer was properly sustained to the plea, and the judgment will, therefore, be affirmed.

*Judgment affirmed.*